UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LETAP HOSPITALITY L.L.C., AND URVIL PATEL, INDIVIDUALLY AND AS GUARANTOR OF LETAP HOSPITALITY, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 08-1355 |
| DAYS INN WORLDWIDE, INC. | SECTION: "C"(2) |

**ORDER AND REASONS[1]**

Before the Court is a Motion to Strike Jury Demand, filed by Days Inns Worldwide, Inc. ("Defendant"). (Rec Doc. 17). Defendant submits that Plaintiffs waived their right to a jury trial, voluntarily and knowingly, when the License Agreement was executed between Letap Hospitality L.L.C ("Letap"), through guarantor Urvil Patel ("Patel"), and Defendant.[2] Having considered the motion, the memoranda and arguments of counsel, applicable law and the record, the Defendant's Motion to Strike Jury Demand is granted.

**I. BACKGROUND**

---

[1] Aaron A. Reuter, a second year law student at Tulane University Law School, assisted in the research and preparation of this decision.

[2] Rec. Doc. 17, p. 1.

1

Plaintiffs brought this action in the Civil District Court for the Parish of Orleans on February 21, 2008 and it was subsequently removed to this Court by Defendant on March 19, 2008. Defendant filed the present Motion to Strike Jury Trial on May 27, 2008.

Patel, as guarantor for Letap, entered into a license agreement with Defendant on November 19, 2004.[3] Paragraph 17.6.4 of the license agreement provides that both parties waive their right to a jury trial.[4] The clause reads:

> **17.6.4 WAIVER OF JURY TRIAL. THE PARTIES WAIVE THE RIGHT TO A JURY TRIAL IN ANY ACTION RELATED TO THIS AGREEMENT OR THE RELATIONSHIP BETWEEN THE LICENSOR, THE LICENSEE, ANY GUARANTOR, AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS.**[5]

This is one of seven clauses that is written entirely in bold type face and, additionally, is the only clause that is presented in all capital letters in the entire license agreement. Furthermore, Patel signed a "Guaranty" that referenced the aforementioned clause and further applied it to the "Guaranty."[6] Within this "Guaranty," again, the "WAIVER OF JURY TRIAL" was the only phrase that appears in all capital letters.[7] Plaintiffs contend that Defendant's representative did not tell Patel about the waiver clause in either document, that Patel did not have an attorney

---

[3] Rec. Doc. 17, Ex. A.

[4] *Id.* at 20.

[5] *Id.*

[6] Rec. Doc. 17, Ex. B. The "Guaranty" provides that all "representations and warranties in the Agreement are true and correct as stated" and that Patel guaranties that Letap's obligations under the agreement, including payment and performance, will be upheld. It further acknowledges and applies all of Section 17 of the license agreement (which contains the waiver provision) to the "Guaranty."

[7] *Id.*

present when he signed the documents, and that Patel was not aware of the clause in either document.

**II. LAW AND ANALYSIS**

The Supreme Court recognizes that while the right to a jury trial is preserved by the Seventh Amendment, this right is also subject to waiver in civil cases. *Northern Pipeline Constr. Co. v. Marathon Pipe* Line, 458 U.S. 50, 58 (1982); *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848-849 (1986) (recognizing that private litigant may waive right to jury trial); *See also,* FED. R. CIV. P. 38(d) (providing waiver of right to trial by jury in civil cases); *Northwest Airlines, Inc., v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967) (recognizing "wellsettled" view that waiver of jury trial by contract is appropriate); *McCarthy v. Wynne*, 126 F.2d 620, 623 (10th Cir. 1942) (stating that contractual waiver is neither illegal nor contrary to public policy). Nevertheless, waiver of jury trial must be made "voluntarily" and "knowingly" based on the facts of the case. *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 56 F.Supp.2d 694, 706 (E.D.La. 1999) (citing *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-186 (1972)). To determine whether a waiver was made "voluntarily" and "knowingly," courts consider: (1) whether the contractual terms were negotiable; (2) the conspicuousness of the jury waiver clause; (3) the relative bargaining power of the parties; (4) whether the waiving party was represented by counsel; and (5) the business acumen of the waiving party. *See Westside-Marrero Jeep Eagle*, 56 F.Supp.2d at 707 (citations omitted).

After consideration of these factors, the Court finds that Letap and Patel voluntarily and knowingly waived their right to a jury trial. First, the license agreement between the parties was

dated November 19, 2004; however, the signatures of the parties are dated February 29, 2005.[8] This suggests that there was ample time to negotiate and/or contest the individual terms of the contract. Second, the Court finds that the clause was sufficiently conspicuous. The clause in the license agreement is written in all capital letters and bold type face. This clearly and distinctly sets the clause apart from the remainder of the license agreement. Moreover, the reference on the "Guaranty" is also conspicuous because it is the only phrase that is written in all capital letters. These facts make clear that all references to the waiver were sufficiently conspicuous. *See Id.* at 708 (finding clear, block print sufficient to indicate that waiver clause was conspicuous). Third, there is no evidence that the Plaintiffs were subject to any extreme bargaining disadvantage. Finally, Plaintiffs assert that they were not represented by counsel at the time of contracting and were inexperienced in the hotel business. This, however, is not sufficient to counter the facts weighing heavily in favor of voluntary and knowing waiver because of the conspicuousness of the clause and the three month period they had to negotiate the terms within.

As Defendant submits, "under New Jersey law, 'where a party affixes his signature to a written instrument . . . a conclusive presumption arises that he read, understood, and assented to its terms and he will not be heard to complain that he did not comprehend the effect of his act of signing.'"[9] (Rec. Doc. 29-3, p. 2) (*citing Kero v. Terminal Const. Corp.*, 78 A.2d 814, 817 (N.J. 1951)). Additionally, elementary principles of contract law set forth that "one is presumed to

---

[8] Rec. Doc. 17, Ex. A, p. 1, p. 24.

[9] New Jersey law governs this dispute as provided for in section 17.6.1 of the License Agreement executed between Letap and DIW. (Rec. Doc. 17, Ex. A, p. 20).

have read a contract that one signs." *In re Cajun Elec. Power Co-op., Inc.*, 791 F.2d 353, 359 (5th Cir. 1986). Furthermore, "[a] person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it." *Id.* (citation omitted). The only exception to this rule is when the party can show fraud, misrepresentation or deceit. *Id.* Plaintiffs have not offered evidence to support an exception to this rule. Consequently, the Court finds that Plaintiffs voluntarily and knowingly waived their right to a jury trial.

### III. CONCLUSION

IT IS ORDERED that Defendants' Motion to Strike Jury Demand is GRANTED. (Rec. Doc. 17).

New Orleans, Louisiana, this 25th day of June, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE