UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LETAP HOSPITALITY, L.L.C., AND URVIL PATEL, INDIVIDUALLY AND AS GUARANTORS OF LETAP HOSPITALITY, L.L.C. | CIVIL ACTION |
| VERSUS | No. 08-1355 |
| DAYS INN WORLDWIDE, INC. | SECTION "C" |

**ORDER & REASONS** [1]

 Before the Court is a Motion for Reconsideration and Proffer filed by Plaintiffs Letap Hospitality, L.L.C., and Urvil Patel, individually and as guarantor of Letap Hospitality, L.L.C., ("Plaintiffs"). (Rec. Doc. 40). First, Plaintiffs seek reconsideration of this Court's Order granting a Motion to Strike Jury Demand. (Rec. Doc. 37). In addition, Plaintiffs request permission to proffer two memorandums and affidavits to respond to Defendant Days Inn Worldwide's ("Defendant") Motion to Strike Jury Demand, and Motion to Dismiss for Failure to State a Claim and to Strike Immaterial and Impertinent Allegations, both filed on June 24, 2008.

---

[1] Jacob Goehring, a third year law student at the University of Alabama, assisted in the preparation of this decision.

1

(Rec. Doc. 40 at 1). Having reviewed the record, the memoranda of counsel and the law, Petitioners' Motion is DENIED.

**I. BACKGROUND:**

Plaintiffs originally brought this action in the Civil District Court for the Parish of Orleans on February 21, 2008 and it was subsequently removed to this Court by Defendant on March 19, 2008. Defendant filed its Motion to Strike Jury Trial on May 27, 2008. The Defendant's Motion was granted on June 25, 2008 based on the Plaintiff's contractual waiver of a jury trial. (Rec. Doc. 17). Plaintiffs entered into a license agreement with Defendant on November 19, 2004. (Rec. Doc 17, Ex. A). Paragraph 17.6.4 of the license agreement provides that both parties waive their right to a jury trial. *Id.* at 20. The clause reads:

> **17.6.4  WAIVER OF JURY TRIAL. THE PARTIES WAIVE THE RIGHT TO A JURY TRIAL IN ANY ACTION RELATED TO THIS AGREEMENT OR THE RELATIONSHIP BETWEEN THE LICENSOR, THE LICENSEE, ANY GUARANTOR, AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS.**

*Id.* This is one of seven clauses that is written entirely in bold type face and, additionally, is the only clause that is presented in all capital letters in the entire license agreement. Furthermore, Plaintiffs signed a "Guaranty" that referenced the aforementioned clause and further applied it to the "Guaranty." (Rec. Doc. 17, Ex. B). [2] Within this "Guaranty," again, the "WAIVER OF

---

[2] The "Guaranty" provides that all "representations and warranties in the Agreement are true and correct as stated" and that Patel guaranties that Letap's obligations under the agreement, including payment and performance, will be upheld. It further acknowledges and applies all of Section 17 of the license agreement (which contains the waiver provision) to the "Guaranty."

JURY TRIAL" was the only phrase that appears in all capital letters. *Id.*

In assessing these facts, this Court held that Plaintiffs knowingly waived their right to a jury trial. (Rec. Doc. 17). Plaintiffs now request that this Court reconsider its decision and allow Plaintiffs to proffer two responsive memorandums and affidavits. Plaintiffs contend that Defendant's June 24th Replies to Plaintiffs' Response Memorandums were filed after 6:00 p.m. Plaintiffs assert they were unable to respond to Defendant's filings because a hearing was set for the following morning. *Id.* However, Plaintiffs filed an opposition to Defendant's original Motion on June 3, 2008. Thus, Plaintiffs appear to argue that their inability to file a sur-reply is grounds for reconsideration. *Id.* Plaintiffs further claim that the Court should reconsider its denial because Defendant's two memorandums "contain many false allegations from a 2008 website that does not accurately reflect . . . petitioners' status in 2005." *Id.* at 2.

 **II. STANDARD OF REVIEW**:

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. *St. Paul Mercury Ins. Co., v. Fair Ground Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). In *Washington v. CSC Credit Servs. Inc.,* 180 F.R.D. 309 (E.D. La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of**:** **"**(1) an intervening change of controlling law; (2) the availability of new evidence; and/ or (3) the need to correct a clear and manifest error of fact or law." *Washington*, 180 F.R.D. at 311.

**III. ANALYSIS**:

In applying the Rule 59(e) standard described in *Washington*, it is apparent that Plaintiffs' Motion for Reconsideration is without merit.  180 F.R.D. 309.  Plaintiffs fail to meet any of the proper grounds for reconsideration as they provide no showing of an intervening change of controlling law, no new evidence, and no need to correct a clear and manifest error of fact or law.  *Id.* at 311.  Rather, Plaintiffs make assertions regarding their inability to respond to Defendant's memorandums.  Plaintiffs have not overcome the facts described by the Court in its June 25, 2008 Order and Reasons striking Plaintiffs' jury demand.

Plaintiffs also fail to provide any case law citing why they should be allowed to proffer a responsive memorandum to Defendant's Sur-Reply.  Plaintiffs filed a responsive memorandum to Defendant's original Motion to dismiss and Motion to strike on June 3, 2008.  (Rec. Doc. 23).  Plaintiffs have cited no authority as to why the Court should allow a second responsive memorandum.  Therefore, Plaintiffs' Motion for Reconsideration and Proffer is DENIED.

**IV. CONCLUSION:**

Accordingly,

IT IS ORDERED that the Motion for Reconsideration is DENIED.  (Rec. Doc. 40).

New Orleans, Louisiana, this 30th day of July, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE